**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

**875 THIRD AVENUE**

**NEW YORK, NEW YORK 10022**

---

(212) 603-6300

---

FAX (212) 956-2164

December 31, 2020

Nicholas M. Menasché
212-603-6348
nmm@robinsonbrog.com

**VIA ECF AND EMAIL**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
e-mail: Failla_NYSDChambers@nysd.uscourts.gov

**MEMO ENDORSED**

        RE:    <u>*Harel FF, LP v. Amadeus 140 LLC, et al.*</u>, Case No. 20-cv-05828 (KPF)

Dear Judge Failla:

     We represent defendants Amadeus 140 LLC ("Amadeus") and Mr. Haroutiun Derderian (together with Amadeus, "Defendants") in the above-referenced litigation (the "Action") and write in further support of Defendants' application for a stay of the Action pursuant to the State of New York's moratorium on both commercial and residential foreclosures. On December 28, 2020, Governor Andrew M. Cuomo signed the COVID-19 Emergency Eviction and Foreclosure Prevent Act (the "Act"). The Act prevents residential evictions, foreclosure proceedings, credit discrimination, and negative credit reporting relating to the COVID-19 Pandemic. *See* Press Release, *Governor Cuomo Signs the COVID-19 Emergency Eviction and Foreclosure Prevention Act of 2020*, https://www.governor.ny.gov/news/governor-cuomo-signs-covid-19-emergency-eviction-and-foreclosure-prevention-act-2020 (last visited Dec. 31, 2020).

     With respect to residential foreclosure proceedings, the Act places a moratorium on pending proceedings for **at least sixty days** from the date of the Act, or to such later date that the chief administrative judge of the State of New York shall determine is necessary to ensure that courts are prepared to conduct proceedings in compliance with the Act and to give mortgagors an opportunity to submit a hardship declaration pursuant to the Act. *See* COVID-19 Emergency Eviction and Foreclosure Prevent Act of 2020, S.9114 / A.11181, 2020 Leg. Sess. (N.Y. 2020),

{01084225.DOCX;1 }

ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.

Hon. Katherine Polk Failla (U.S.D.J.)
December 31, 2020
Page 2

https://nyassembly.gov/leg/?default_fld=&leg_video=&bn=S09114&term=2019&Summary=Y&Actions=Y&Memo=Y&Text=Y.  Homeowners and small landlords, like Mr. Derderian,[1] can file a hardship declaration with their mortgage lender, other foreclosing party, or the Court that would prevent a foreclosure.  Given our upcoming oral argument on January 11, 2021, I believed it necessary to notify the Court of this development immediately.

For the reasons we articulated in our application, we are certain Mr. Derderian will qualify for this relief.  Obviously, Mr. Derderian has already submitted a detailed declaration in support of his application that explains his hardship, but we are also fully prepared in the coming days to submit one that conforms to the requirements of the Act (the form of the declaration is located in the text of the statutory language and Mr. Derderian qualifies under option A(1), (3), and (5)).

Accordingly, for the reasons stated herein and in our previous submissions, Defendants respectfully request that this Court stay the Action pending the State of New York lifting the moratorium on commercial and residential foreclosures.

Please feel free to contact me if the Court has any questions or concerns.

Respectfully submitted,

Nicholas M. Menasché

cc:   All Counsel (via ECF and email)

```
The Court is in receipt of Defendants' above letter in further support
of their application for a stay of this action.  Plaintiff is directed
to submit any response on or before January 7, 2021.

Dated:    January 4, 2021              SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[1] The Act requires that the "owner or mortgagor of such property is a natural person, *regardless* of how title is held, and owns ten or fewer dwelling units *whether directly or indirectly*."  (Emphasis added).  Here, the mortgage is in the name of Amadeus, not Mr. Derderian, but for the reasons we already articulated in our application, we believe that the real party-in-interest is indeed Mr. Derderian, who, with his wife, holds 100% of the membership interest in Amadeus and has lived at the Property for the entirety of the time Amadeus has held the Mortgage.  The Act is clearly designed to keep foreclosures like this from going forward.

{01084225.DOCX;1 }