UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HAREL FF, LP,

                Plaintiff,

-against-

AMADEUS 140 LLC, HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN, 37 TOWNHOUSE LENDER LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JANE DOE" (REFUSED NAME), "JOHN DOE" (REFUSED NAME) and "JANE" DERDERIAN (REFUSED FIRST NAME),

                Defendants.
-----------------------------------------------------------------x

Civil Case No.: 1:20-cv-05828-KPF

**CONSENT JUDGMENT OF FORECLOSURE AND SALE**

**Foreclosure of:**

**140 East 37th Street**
**New York, New York 10016**
**(Block: 892, Lot: 59)**

On the Complaint (the "Complaint") filed in the Clerk's Office of the United States District Court of the Southern District of New York (the "Clerk's Office") on July 29, 2020 (Dkt. No. 2); on the Summons in a Civil Action (the "Summons") entered and issued by the Clerk's Office on August 4, 2020 (Dkt. Nos. 12-18); on the Notice of Pendency filed in the Office of the New York County Clerk on May 5, 2021; on the affidavits of service filed herein (Dkt. Nos. 24 -30); on the Notice of Appearance by Arnold Mitchell Greene, Esq. on behalf of Amadeus 140 LLC and Haroutiun Derderian filed in the Clerk's Office on September 9, 2020 (Dkt. No. 23); on the Answer to the Complaint of Arnold Mitchell Greene, Esq. on behalf of Amadeus 140 LLC and Haroutiun Derderian filed in the Clerk's Office on October 9, 2020 (Dkt. No. 31); on the Notice of Appearance by Michele Mirro, Esq. on behalf of New York City Department of Finance filed in the Clerk's Office on October 23, 2020 (Dkt. No. 36); on the Notice of Appearance by Christopher A. Gorman, Esq., on behalf of 37 Townhouse Lender LLC, filed in the Clerk's Office on December

4, 2020 a Claim for Surplus Monies (Dkt. No. 46); upon the Clerk's Certificate of Default as to 37 Townhouse Lender LLC, New York City Environmental Control Board, New York City Department of Finance, and New York State Department of Taxation and Finance docketed on October 26, 2020 (Dkt. No. 39); upon the Clerk's Certificate of Default as to Jane Doe, John Doe and Jane Derderian docketed on November 9, 2020 (Dkt. No. 42); on the Stipulation of Consent to Judgment of Foreclosure and Sale and Withdrawal of Answer by and between Plaintiff and AMADEUS 140 LLC, HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN (the "Stipulating Defendants") dated May 25, 2021 (the "Stipulation"); and upon all of the proceedings had herein, the Court finds that:

This action was brought to foreclose upon that certain Amended and Restated Mortgage, Assignment of Rents and Security Agreement (the "Mortgage") dated July 11, 2018 in the original principal amount of $2,900,000.00. The Mortgage was recorded on August 1, 2018 in the Office of the City Register of the City of New York, County of New York under CRFN: 2018000256422, encumbering the property commonly known as: **140 East 37th Street, New York, New York 10016 (Block: 892, Lot: 59)** (the "Mortgaged Property").

Defendants, AMADEUS 140 LLC, HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN, 37 TOWNHOUSE LENDER LLC, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JANE DOE" (REFUSED NAME), "JOHN DOE" (REFUSED NAME) and "JANE" DERDERIAN (REFUSED FIRST NAME), herein have all been duly served with copies of the Summons and Complaint. None of the defendants are an incompetent or absentee.

AMADEUS 140 LLC and HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN interposed an Answer (Dkt. No. 31) by and through their attorney Arnold Mitchell Greene, Esq. and such Answer was withdrawn, with prejudice, pursuant to that certain Stipulation.

NEW YORK CITY DEPARTMENT OF FINANCE filed a Notice of Appearance (Dkt. No. 36) by and through its attorney Michele Mirro, Esq., waiving service of all papers and notice of all proceedings in this action, except amended complaint, notice of discontinuance, proposed judgments, motion for default or summary judgment, notice of sale, Referee's Report of Sale and notice of proceedings to obtain surplus monies.

37 TOWNHOUSE LENDER LLC, filed a Claim for Surplus Monies (Dkt. No. 46) by and through its attorney Christopher A. Gorman, Esq., seeking to obtain surplus monies.

The Notice of Pendency containing all of the particulars required by law has been filed as aforesaid.

The amount computed by the Court to be due on that certain Amended and Restated Promissory Note (the "Note") dated July 11, 2018 in the original principal amount of $2,900,000.00 and Mortgage, as agreed and consented to and by and among HAREL FF, LP and, AMADEUS 140 LLC and HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN, are, as of May 31, 2021, as follows:

| Principal | $2,900,000.00 |
| September 2019 Remaining Stated Interest Owed | $19,502.44 |
| October 2019 through May 2021 Default Interest Owed (20 Months) | $1,208,333.33 |
| Expenses | $15,958.91 |
| Escrow | ($79.42) |
| Legal | $44,469.60 |
| **Total** | **$4,188,184.86** |

**NOW**, upon the Stipulation whereby AMADEUS 140 LLC and HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN consent to this application for a Judgment of Foreclosure and Sale, it is

**ORDERED, ADJUDGED AND DECREED,** that pursuant to *Rule 54(b)* of the Federal Rules of Civil Procedure, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." No determination of delay being made herein; it is hereby further

**ORDERED, ADJUDGED AND DECREED,** that the Mortgaged Property described in the Complaint and described in Schedule A annexed hereto, together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof, together with all fixtures and articles of personnel property annexed to installed in, or used in connection with the Mortgaged Property, all is more fully set forth in the aforementioned Mortgage, be sold in one parcel as follows: **140 East 37th Street, New York, New York 10016 (Block: 892, Lot: 59)**, at public auction to be held in the **THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK, 500 PEARL STREET, NEW YORK, NEW YORK, 10007**, BY AND UNDER THE DIRECTION OF **CHARLES L. EMMA, ESQ., LAW OFFICE OF CHARLES L. EMMA, ESQ., 8410 THIRD AVENUE - 2ND FLOOR, BROOKLYN, NEW YORK 11209, PHONE NUMBER (718) 232 - 3001,** or his duly appointed designee, who is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in **THE NEW YORK DAILY NEWS** and that the plaintiff or an governmental agency or any other parties to this action

may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's receipt will be given and that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the Mortgaged Property sold, that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that, alternatively, in the event that Plaintiff is unable to schedule an auction at the Courthouse hereof due to then-existing Covid-19 related restrictions, then, at Plaintiff's sole option, the Mortgaged Property described in the Complaint and described in Schedule A annexed hereto, together with all right, title, and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof, together with all fixtures and articles of personnel property annexed to installed in, or used in connection with the Mortgaged Property, all is more fully set forth in the aforementioned Mortgage, shall be sold in one parcel as follows: **140 East 37th Street, New York, New York 10016 (Block: 892, Lot: 59)**, at public internet auction to be held virtually via a publicly accessible Cisco WebEx Remote Meeting or similar virtual forum by and under the direction of the above-referenced Referee, or his duly appointed designee, who is hereby appointed Referee for that purpose; that said Referee conduct the virtual auction using the services of **Matthew D. Mannion, licensed auctioneer (DCA #1434494)**, address **c/o Mannion Auctions, LLC, 305 Broadway, Suite 200, New York, New York 10007**, phone number **(212) 267-6698**, or such other licensed auctioneer and/or auction house of Plaintiff's choosing (hereinafter, the

"*Host*"); that said Host designate the meeting weblink, access code, password, and call-in phone number for the time and place of said sale; that said Referee give public notice of the access and bidding instructions and time and place of said sale according to federal law and the practice of this Court by advertising in **THE NEW YORK DAILY NEWS** and that the plaintiff or governmental agency or any other parties to this action may become the purchaser or purchasers at such sale, that the purchaser will be required to deposit with the Referee ten percent (10%) of the amount bid, in certified funds immediately upon the Referee's acceptance of the purchaser's bid for which a Referee's receipt will be given and that in case the plaintiff shall become the purchaser at the said sale, they shall not be required to make any deposit thereon, that said Referee execute to the purchaser or purchasers on such a sale a deed of the Mortgaged Property sold, that in the event a party other than the plaintiff becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty (30) days after such sale unless otherwise stipulated by all parties to the sale, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said referee on receiving the proceeds of such sale shall forthwith pay therefrom, in accordance with their priority according to law, the taxes, assessments, sewer, rents or water rates which are or may become liens on the Mortgaged Property at the time of the auction sale with such interest or penalties which may have lawfully accrued thereon to the date of the auction sale bidders payment of the deposit, and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee **in any local banking institution insured by the FDIC** and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository.

1st:   The sum of $1,500.00 to said Referee for his fees herein.

2nd: The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct, duplicate copies of which shall be left with said depository.

3rd: And also the sum as stipulated, consented and agreed to by Plaintiff and Stipulating Defendants to the amounts as of May 31, 2021 as set forth below:

| Principal | $2,900,000.00 |
| --- | --- |
| September 2019 Remaining Stated Interest Owed | $19,502.44 |
| October 2019 through May 2021 Default Interest Owed (20 Months) | $1,208,333.33 |
| Expenses | $15,958.91 |
| Escrow | ($79.42) |
| Legal | $44,469.60 |
| **Total** | **$4,188,184.86** |

together with interest at the rate of **25.00%** as set forth in the Note ("Default Rate Interest") thereon pursuant to the terms of the Note from **May 31, 2021**, on the unpaid principal balance as of the date the interest was calculated to herein, and thereafter on the entire sum due to Plaintiff, with Default Rate Interest thereon through and after judgment is entered and then continuing with Default Rate Interest until the date of the transfer of the Referee's Deed or so much thereof as the purchase money of the Property will pay of the same, together with any advances as provided for in the Note and Mortgage which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the Mortgaged Property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with Default Rate Interest thereon pursuant to the Note as above provided; and it is further

**ORDERED AND ADJUDGED** that said Referee shall take the receipt of plaintiff or its attorney for the amounts paid as directed in item marked "3rd" and shall file it with his report of

sale. Said Referee shall deposit the surplus monies, if any, with the aforesaid depository, within five (5) days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

In the event that the plaintiff or a governmental agency thereof is the purchaser of the Mortgaged Property at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by plaintiff or any such governmental agency, and a valid assignment thereof be filed with the Referee, said Referee shall not require plaintiff or such governmental agency to pay in cash the amount bid at such sale, but shall execute and deliver to plaintiff or such governmental agency a deed of the Mortgaged Property sold. Plaintiff or such governmental agency shall pay the amount specified above in the items marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by plaintiff or such governmental agency, to the amounts due plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due plaintiff, plaintiff shall pay to said Referee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee shall deposit said surplus as hereinabove directed.

Said Referee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to plaintiff with the expenses, interests and costs as aforesaid, said Referee shall specify the amount of such deficiency in his report of sale the plaintiff shall recover from the defendants, **AMADEUS 140 LLC and HAROUTIUN DERDERIAN A/K/A HARRY DERDERIAN,** the whole deficiency of so much thereof as the Court may determine to be just and equitable of the

residue of the mortgaged debt remaining unsatisfied after a sale of the Mortgaged Property and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by section 1371 of the Real Property Actions and Proceedings Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said section; and it is further

**ORDERED AND ADJUDGED**, that the purchaser at said sale be let into possession on production of the Referee's deed; and it is further

**ORDERED AND ADJUDGED**, that each and all of the defendants in this action, and all the persons claiming under them, or any or either of them, after the filing of the notice of the pendency of this action, be and hereby are forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in the Mortgaged Property and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Mortgaged Property is to be in "as is" physical order and condition, subject to any state of facts that an inspection of the Mortgaged Property would disclose, any state of facts that an accurate survey of the Mortgaged Property would show; any covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreements of record, if any, any building and zoning ordinances of the municipality in which the Mortgaged Property is located and possible violations of same; any rights of tenants or person in possession of the Mortgaged Property; prior lien(s) of record, if any, except those liens addressed in section 1354 of the Real Property Actions and Proceedings Law, any equity of redemption of the UNITED STATES OF AMERICA to redeem the Mortgaged Property within 120 days from the date of sale;

**ORDERED, ADJUDGED AND DECREED,** that the purchaser or purchasers at the foreclosure sale shall pay: (i) any Town, Village, City, Hamlet transfer taxes, New York State transfer taxes and any other tax imposed upon and/or arising from the transfer of title; and (ii) any other charges occurring as a result of the transfer of title, including but not limited to deed stamps, if any, and recording fees.

**Said** premises commonly known as: **140 East 37th Street, New York, New York 10016 (Block: 892, Lot: 59).** A description of the Mortgaged Property is annexed hereto and made a part hereof as **Schedule "A"**.

Dated: New York, New York
       June 3 , 2021

*(signature)*
Honorable Katherine Polk Failla
United States District Judge

SCHEDULE "A"

Property Description

# LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Manhattan, County, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of East 37th Street, distant 120 feet easterly from its intersection with the easterly side of Lexington Avenue;

RUNNING THENCE easterly along the southerly side of East 37th Street, 16 feet;

THENCE southerly parallel with the easterly side of Lexington Avenue, and part of the way though a party wall, 98 feet, 9 inches to the center line of the block;

THENCE westerly along same, 16 feet;

THENCE northerly again parallel with the easterly side of Lexington Avenue and part of the way through another party wall, 98 feet 9 inches to the southerly side of East 37th Street to the point or place of BEGINNING.

NOTE: Being Block(s) 892, Lot(s) 59, Tax Map of the Borough of New York, County of New York. NOTE: Lot and Block shown for informational purposes only.